IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES ALLEN IRBY, III         :

    v.                        :   Civil Action No. DKC 2007-1186
                                             Criminal Case No. DKC 2003-0490
                                     :
UNITED STATES OF AMERICA
                                     :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case are motions filed by Petitioner James Allen Irby, III, to vacate, set aside, or correct his sentence (ECF No. 220), and for an evidentiary hearing (ECF No. 224). The issues are fully briefed and the court now rules. For the reasons that follow, both motions will be denied.

**I. Background**

Petitioner was charged in a three-count indictment with murder in retaliation against an informant, causing death with a firearm, and destruction of property by fire. The government filed a notice of intention to seek the death penalty. After extensive pre-trial proceedings, jury selection began on October 3, 2005. A jury was seated and trial began on October 27, 2005. On November 10, 2005, the jury returned verdicts of guilty on counts two and three, and guilty of the lesser included offense of second-degree murder on count one. As a result, Petitioner was no longer eligible for the death penalty and a regular sentencing order was entered, setting sentencing for February 13, 2006. On that date, Petitioner was

sentenced to a total term of 456 months, consisting of 336 months on count one, 240 months concurrent on count two, and 120 months consecutive on count three.

Petitioner filed a notice of appeal on May 30, 2006, but the appeal was dismissed on October 10, 2006. On May 7, 2007, Petitioner filed his motion to vacate under 28 U.S.C. § 2255, asserting that he received ineffective assistance of counsel concerning advice of his right to appeal. His motion for an evidentiary hearing followed, on October 12, 2010.

**II. Motion to Vacate, Set Aside, or Correct Sentence**

    **A. Standard of Review**

Title 28 U.S.C. § 2255 requires a petitioner asserting constitutional error to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." While a *pro se* movant is entitled to have his arguments reviewed with appropriate consideration, *see Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978), if the § 2255 motion, along with the files and records of the case, conclusively shows that he is entitled to no relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255(b).

**B. Analysis**

Petitioner asserts that he received ineffective assistance of counsel with respect to appeal in violation of his Sixth Amendment rights. According to Petitioner, his attorneys rendered ineffective assistance because, while they did consult with him about the possibilities of an appeal, "after being informed of [their] client's possible desire and intent to appeal, [they] informed him only of the possible disadvantages of an appeal, and not the disadvantages of his not appealing, and failed to file a 'timely' Notice of Appeal in any regard." (ECF No. 220, at 5(d)). He asserts that he is entitled to a new appeal without making a showing that the appeal he would have filed had merit.

The standards governing constitutionally ineffective assistance of counsel claims are well-settled under *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on such a claim, the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *See Strickland*, 466 U.S. at 687. To demonstrate actual prejudice, he must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Under *Strickland*, there exists a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct, and courts must be highly deferential in

scrutinizing counsel's performance. *See id*. at 688-89; *Bunch v. Thompson*, 949 F.2d 1354 (4th Cir. 1991). Courts must judge the reasonableness of attorney conduct "as of the time their actions occurred, not the conduct's consequences after the fact." *Frye v. Lee*, 235 F.3d 897, 906 (4th Cir. 2000). Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted even had the attorney's performance been deficient. *See Strickland*, 466 U.S. at 697.

The law is fairly well-developed concerning counsel's obligations after sentencing in terms of consulting with a defendant about an appeal. The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). "At the other end of the spectrum," the Court has explained, "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id.* With regard to those in-between situations, the Court has directed a two-part inquiry:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant

4

> about an appeal. We employ the term "consult"
> to convey a specific meaning – advising the
> defendant about the advantages and
> disadvantages of taking an appeal, and making
> a reasonable effort to discover the
> defendant's wishes. If counsel has consulted
> with the defendant, the question of deficient
> performance is easily answered: Counsel
> performs in a professionally unreasonable
> manner only by failing to follow the
> defendant's express instructions with respect
> to an appeal. *See supra*, at 1034 and this
> page. If counsel has not consulted with the
> defendant, the court must in turn ask a
> second, and subsidiary, question: whether
> counsel's failure to consult with the
> defendant itself constitutes deficient
> performance.

*Id.* at 478.

Here, Petitioner claims that, at some point, he informed his attorneys of his "possible desire and intent to appeal." That does not amount to "express instructions" to file a notice of appeal.[1]

---

[1] In his motion for evidentiary hearing, Petitioner seems to assert that he requested counsel to file a notice of appeal. (ECF No. 224, at 1). This directly contradicts the petition itself where Petitioner asserted that "the heart" of the issue was that Petitioner believed that he could obtain the trial transcript and "subsequently take some form of appeal." (ECF No. 220, at 5(d)). Furthermore, Petitioner filed an affidavit in the Fourth Circuit in support of his motion to reinstate the appeal (Case No. 06-4614, ECF No. 23), that elaborates:

> I spoke with my lawyer's Denise Barrett, Joseph Balter
> and David Stiller. Denise Barrett told me I had 10 days
> to decide about an appeal, but in her opinion I should
> not file an appeal because I would probably get life if
> my case was brought back before the courts. She also
> told me that I had no grounds for an appeal; Ms. Barrett
> said the only grounds I would have, is if Judge Chasanow
> made any mistakes; but Judge Chasanow is usually very
> thorough, and Ms. Barrett didn't think any mistakes were
> made in my case. . . . I told my lawyer's I wanted to

Thus, pursuant to *Roe*, Petitioner's counsel was obliged only to consult with him about an appeal. Although Petitioner acknowledges that a consultation did, in fact, occur, he nevertheless complains that he was advised only of the potential pitfalls associated with an appeal and not the possible disadvantage of not taking an appeal. Under the circumstances of this case, however, it is entirely reasonable that counsel would have seen little advantage to filing an appeal. *See Strickland*, 466 U.S. at 690 (courts must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct"). Petitioner, who was originally death-eligible, had just been convicted on a lesser included count, and was thereby sentenced, pursuant to a regular sentencing order, to an aggregate term of imprisonment of 456 months. Moreover, as noted by the government, there were disputed sentencing guideline factors found in Petitioner's favor that could have been challenged by the government on cross-appeal. Given that context, the strong presumption that counsel's conduct was professionally reasonable, and that Petitioner has failed to suggest any potentially meritorious issue for appeal, he has not established that his counsel's alleged failure to communicate potential disadvantages of

---

    study my transcripts, and if I could find any issues, I
    would want my direct appeal filed. Denise Barrett told
    me that would be fine, and if any new laws came up in the
    future, applicable to my case, call her and she would be
    there to help me, and produce the proper paperwork.

failing to appeal amounts to constitutionally deficient performance.

Insofar as Petitioner contends that his attorneys led him to believe that he had more than ten days to file an appeal, the record reflects otherwise. The court expressly advised him at sentencing of his right to appeal, that an appeal "must be noted in writing within ten days of today," and encouraged him to "talk that over promptly with [his] attorneys because they would file the appeal if that's what [he] wanted to do." (ECF No. 222, sentencing transcript, at 197). Thereafter, he apparently did so, and his counsel advised him either that they saw no advantages in taking an appeal, or that any potential advantages were significantly outweighed by disadvantages. Petitioner has failed to show that his counsel's performance fell below the constitutional standard.

**III. Motion for an Evidentiary Hearing**

Petitioner has separately moved for an evidentiary hearing. (ECF No. 224). The question of whether an evidentiary decision is necessary is "left to the common sense and sound discretion of the district judge[]." *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). In the ordinary case, an evidentiary hearing is appropriate only where "defendant has pled facts that, if established, entitle him to relief, and there is a material dispute regarding those facts." *Higgs v. United States*, No. PJM 98-3180, 2010 WL 1875760, at *63 (D.Md. Apr. 6, 2010); *accord United States*

*v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988), *abrogated on other grounds by Padilla v. Kentucky*, 130 S.Ct. 1473 (2010).

As the court has already explained, Petitioner's § 2255 motion must be denied. It follows, then, that "no substantial question has been raised by petitioner's claim, [and] there is no need for a hearing." *Gaskins v. United States*, 925 F.Supp. 396, 397 (D.Md. 1996). The court is more than able to resolve Irby's motion on the record presented and a hearing is unnecessary.

**IV. Conclusion**

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 will be denied, as will his motion for an evidentiary hearing.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or decline to issue a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S.

322, 336-38 (2003). Upon its review of the record, the court finds that Petitioner does not satisfy the above standard.

A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge